ATLANTA COOPERATIVE NEWS
PROJECT, a Cooperative Asso-
ciation, et al., Plaintiffs,

v.

The UNITED STATES POSTAL SERV-
ICE, an Independent Establishment of
the Executive Branch of the United
States Government, et al., Defendants.

Civ. A. No. 16538.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 29, 1972.

Jeffrey I. Jacobson, Emily Carssow, and Morris Brown, Reber F. Boult, Jr., D. Freeman Hutton, Atlanta, Ga., for plaintiffs.

Beverly Bates, Asst. U. S. Atty., N. D. of Georgia, Atlanta, for defendants.

Before MORGAN, Circuit Judge; MOYE and O'KELLEY, District Judges.

## OPINION AND ORDER

PER CURIAM:

This suit challenges the constitutionality of 18 U.S.C. § 1461, 39 U.S.C. § 3001 and 39 C.F.R. § 953.1, et seq., facially and as applied as violating plaintiff's First Amendment rights to freedom of speech and freedom of the press by imposing prior restraints on the distribution of news material. There are three named plaintiffs in this case: Atlanta Cooperative News Project [hereinafter News Project],[1] Jeani Lockard [hereinafter Lockard] and Renee Cronk [hereinafter Cronk]. News Project seeks declaratory and injunctive relief with respect to the challenged statutes on behalf of itself as publisher of the newspaper *The Great Speckled Bird.* Lockard and Cronk bring this action as a class action seeking declaratory and injunctive relief with respect to the challenged statutes. The class is alleged to be all readers of *The Great Speckled Bird* who desire to receive it free of government censorship.

## I. STATEMENT OF THE FACTS

The salient facts are as follows: On Wednesday, April 26, 1972, defendant United States Postal Service's [hereinafter Postal Service] superintendent of mail requirements contacted News Project and advised that *The Great Speckled Bird* could not be accepted for mailing if it contained advertisements or information, proscribed by 18 U.S.C. § 1461, giving direct or indirect notice of how, from whom, or by what means an abortion could be obtained.[2] Counsel for News Project then contacted Postal Service's Assistant General Counsel, Consumer Protection Office and was informed that a written ruling or directive had issued from the Assistant General Counsel pursuant to the request of the Postmaster of Thomasville, Georgia, to the effect that *The Great Speckled Bird* not be accepted for mailing if it contained advertisements for abortion referral services.[3] A copy of the directive was

---

1. News Project is a cooperative association organized under the laws of the District of Columbia, is qualified to do business in Georgia and is licensed to do business in Atlanta. It publishes a weekly newspaper, *The Great Speckled Bird*, which has second-class mailing privileges with an entry office at the United States Post Office in Atlanta, Georgia.

2. *The Great Speckled Bird* had carried advertisements, for, and a directory of, abortion referral services for the past two years and said paper had been sent through the United States mail during that period.

3. A letter written by the Assistant General Counsel to an individual who had complained to the Postmaster in Thomasville stated:

   "The Postmaster, Thomasville, Georgia . . . has forwarded the copy of 'The Bird' which you submitted to him to this office.

   "The Postmaster has refused to permit the material to be mailed, and has notified the publisher. In doing so, he was correct. The mailing of abortion referral advertisements is considered violative of the criminal statute, 18 U.S. Code § 1461. The statute prohibits the mailing of *any* printed matter giving in-

forwarded to counsel for News Project by the Assistant General Counsel. Counsel for News Project discussed the contents of the specific advertisements with Postal Service's representatives and arrived at substantive changes[4] in the advertisements which would be necessary to obviate the objections of the Postal Service. It was suggested by counsel for News Project that instead of deleting the "objectionable" matter from the newspaper, the Postal Service accept the newspaper for mailing and refer the matter to the Department of Justice for criminal action. However, Postal Service's representative advised counsel for News Project that if the newspaper was presented with the objectionable matter it would not be processed for mailing, but rather a complaint would be filed pursuant to 39 C.F.R. § 953.3 and the paper not put into the mails unless and until News Project prevailed in the resultant proceedings. In light of this response and the necessity of meeting the week's deadline for starting the presses, the objectionable matter was deleted by News Project from the edition of *The Great Speckled Bird* printed on Thursday, April 27, 1972.

News Project and the other plaintiffs, Lockard and Cronk, filed this action on May 2, 1972. On the same day this Court issued a temporary restraining order, restraining Postal Service from refusing to receive for mailing and from refusing to mail publications of News Project containing advertisements or information with respect to where, how, from whom or by what means any act or operation for the procuring or producing of abortion or prevention of conception will be done or performed. This three-judge Court was convened pursuant to 28 U.S.C. § 2284.

## II. PROCEDURAL QUESTIONS

Defendants move to dismiss this action on the ground that the Court lacks jurisdiction over the subject matter and plaintiffs have failed to state a claim upon which relief can be granted. In support of their motion to dismiss on the ground that the Court lacks jurisdiction over the subject matter, defendants argue that there is no justiciable "case or controversy" before the Court.

■ In view of this Court's conclusion later in the opinion that 39 U.S.C. § 3001(a) is unconstitutional to the extent that it renders nonmailable constitutionally protected speech, it is only necessary at this juncture to determine if a case or controversy is presented concerning 39 U.S.C. § 3001. The Supreme Court in Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969), set forth a summary of the "case or controversy" limitation:

> " ' . . . [T]he federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues, "concrete legal issues, presented in actual cases, not abstractions" are requisite. This is as true of declaratory judgments as any other field.' United Public Workers of America v. Mitchell, 330 U.S. 75, 89, 67 S.Ct. 556, 91 L.Ed. 754 (1947). 'The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgement Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all

formation directly or indirectly, where or by whom any act or operation of any kind for the procuring or producing of abortion will be done or performed.
 "This statute is currently under attack in the Western District of Oklahoma as to its constitutionality. Until such time as it is successfully attacked or modified, we will abide by its terms.

"Thank you for drawing the publication to the Postmaster's attention . . . . "
A copy of this letter was sent to counsel for News Project.

4. Such changes included the deletion of all advertisements referring explicitly to abortions and abortion counseling.

the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)." [394 U.S. at 108, 89 S. Ct. at 959–960, 61 S.Ct. 510, 85 L.Ed. 826.]

News Project was contacted and advised by Postal Service on April 26, 1972, that *The Great Speckled Bird* could not be accepted for mailing if it contained advertisements or information proscribed by 18 U.S.C. § 1461. Counsel for News Project subsequently received a copy of a directive issued by the Assistant General Counsel for Postal Service to the effect that *The Great Speckled Bird* would not be accepted for mailing, if it contained advertisements for abortion referral services. News Project was thus put on notice that should it submit its next edition for mailing containing such advertisements, the paper would not be mailed. There can be no question that these events evidence an actual controversy touching the legal relations of parties having adverse interests. Defendant Postal Service upholds as it must the federal law applicable to it which has not hitherto been held unconstitutional; plaintiffs, as is their right, now attack the constitutionality of that law. Defendants' motion to dismiss on the ground that the Court lacks jurisdiction over the subject matter for the reason that there is no justiciable case or controversy is denied.

■ Defendants also, in their motion to dismiss on the ground that the Court lacks jurisdiction over the subject matter, argue that the plaintiffs lack standing to maintain this action for declaratory and injunctive relief.

" . . . The 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.' Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)." [Flast v. Cohen, 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968)]

Plaintiff News Project is attacking, *inter alia*, the constitutionality of 39 U.S.C. § 3001. The complaint sets forth allegations that 39 U.S.C. § 3001 abridges plaintiff News Project's First Amendment rights of freedom of speech and freedom of the press by excluding from the mail, information concerning abortions, how they are performed and by whom, which information is carried in plaintiff's newspaper. Such allegations demonstrate that plaintiff has the requisite standing to challenge the constitutionality of 39 U.S.C. § 3001.

■ Plaintiffs Lockard and Cronk, who have entered this action on behalf of themselves and all others similarly situated, allege that as addressees and subscribers to *The Great Speckled Bird* they have been deprived of their First Amendment right to receive freely information concerning abortions, how they are performed and by whom. The Court finds, however, that such allegations in the context of the instant case do not establish a sufficient nexus between their status and the constitutional claim of right to receive information. Defendant Postal Service has not detained any matter addressed to these plaintiffs nor has the defendant Postal Service imposed any affirmative obligation on these plaintiffs to have their mail delivered. *See* Lamont v. Postmaster General, 381 U.S. 301, 85 S.Ct. 1493, 14 L.Ed.2d 398 (1965). Therefore, defendants' motion to dismiss on the ground that the Court lacks jurisdiction over the subject matter for the reason that plaintiffs lack standing to maintain this action is Granted as it pertains to plaintiffs Lockard, Cronk and the class they represent, but is Denied as it pertains to plaintiff News Project.

**238**

■ The second ground of the motion to dismiss is that plaintiffs have failed to state a claim upon which relief can be granted. Defendants argue that 18 U. S.C. § 1461 has survived previous constitutional attacks, *see* United States v. Reidel, 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971); Roth v. United State, 354 U.S. 476, 77 S.Ct. 1304, 1 L. Ed.2d 1498 (1957); Re Rapier, 143 U.S. 110, 12 S.Ct. 374, 36 L.Ed. 93 (1892); Re Jackson, 96 U.S. 727, 24 L.Ed. 877 (1878), relating to mailing of obscene matter and that this fact, coupled with the fact that an analogous statute, 18 U.S.C. § 1084, which prohibits the transmission of certain gambling information in interstate commerce by wire communication facility has also withstood constitutional challenge, defeats any claim upon which relief could be granted. A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Cook & Nichol, Inc. v. Plimsoll Club, 451 F.2d 505, 506 (5th Cir. 1971). Plaintiff has challenged the constitutionality not only of 18 U.S.C. § 1461 but also 39 U.S.C. § 3001. The Court finds that plaintiffs' challenge to 39 U.S.C. § 3001 states a claim upon which relief can be granted, therefore, defendants' motion to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted is Denied.

## III. THE MERITS

■ 39 U.S.C. § 3001 provides in part:

"(a) Matter the deposit of which in the mails is punishable under section 1302, 1341, 1342, *1461*, 1463, 1714, 1715, 1716, 1717 or 1718 of title 18 is nonmailable. . . ." [Emphasis added]

18 U.S.C. § 1461 provides:

"Every obscene, lewd, lascivious, indecent, filthy or vile article, matter, thing, device, or substance; and—

"Every article or thing designed, adapted, or intended for producing abortion, or for any indecent or immoral use; and

"Every article, instrument, substance, drug, medicine, or thing which is advertised or described in a manner calculated to lead another to use or apply it for producing abortion, or for any indecent or immoral purpose; and

"Every written or printed card, letter, circular, book, pamphlet, advertisement, or notice of any kind giving information, directly or indirectly, where, or how, or from whom, or by what means any of such mentioned matters, articles, or things may be obtained or made, or where or by whom any act or operation of any kind for the procuring or producing of abortion will be done or performed, or how or by what means abortion may be produced, whether sealed or unsealed; and

"Every paper, writing, advertisement, or representation that any article, instrument, substance, drug, medicine, or thing may, or can, be used or applied for producing abortion, or for any indecent or immoral purpose; and

"Every description calculated to induce or incite a person to so use or apply any such article, instrument, substance, drug, medicine, or thing—

"Is declared to be nonmailable matter and shall not be conveyed in the mails or delivered from any post office or by any letter carrier.

"Whoever knowingly uses the mails for the mailing, carriage in the mails, or delivery of anything declared by this section or section 3001(e) of title 39 to be nonmailable, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, or knowingly takes any such thing from the mails for the purpose of circulating or disposing thereof, or of aiding in the circulation or disposition thereof, shall be fined not more than $5,000 or imprisoned not

more than five years, or both, for the first such offense, and shall be fined not more than $10,000 or imprisoned not more than ten years, or both, for each such offense thereafter. . . ."

Plaintiff News Project contends that 39 U.S.C. § 3001(a) is unconstitutional as it renders nonmailable speech which is protected by the First Amendment, to wit: that speech contained in paragraph four of 18 U.S.C. § 1461. The Supreme Court in Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942), listed certain classes of speech not protected by the First Amendment:

"... [T]here are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any constitutional problem. These include the lewd and obscene, the profane, the libelous, and the insulting or 'fighting' words— those which by their very utterance inflict injury or tend to incite an immediate breach of the peace." [315 U.S. at 571–572, 62 S.Ct. at 769]

The speech in the fourth paragraph of 18 U.S.C. § 1461 as incorporated in 39 U.S.C. § 3001(a) falls within none of these classes of speech. The Court finds that such speech falls within the protective ambit of the First Amendment. The fact that it is transmitted in a commercial setting or for profit does not remove that speech from the protection of the First Amendment. *Cf.* Ginzburg v. United States, 383 U.S. 463, 474, 86 S. Ct. 942, 16 L.Ed.2d 31 (1966).

■ Having found the speech in the instant case to be protected speech, it follows that 39 U.S.C. § 3001(a) insofar as it renders that speech nonmailable operates as a prior restraint on activities protected by the First Amendment to the Constitution. Therefore, the Court declares unconstitutional 39 U.S.C. § 3001(a) to the extent that it renders nonmailable:

"Every written or printed card, letter, circular, book, pamphlet, advertisement, or notice of any kind giving information, directly or indirectly . . ., where or by whom any act or operation of any kind for the procuring or producing of abortion will be done or performed, or how or by what means abortion may be produced, whether sealed or unsealed; . . . ."

The Court having declared 39 U.S.C. § 3001(a) unconstitutional to the extent set forth above, defendant Postal Service is enjoined from executing or enforcing the unconstitutional provisions of the aforesaid statute.

Plaintiff, News Project, is not being prosecuted under 18 U.S.C. § 1461 nor has there been a threat of prosecution. It was developed at the hearing in this matter that plaintiff had suggested that *The Great Speckled Bird* be permitted to be sent through the mail and that prosecution proceed against plaintiff for violation of 18 U.S.C. § 1461. However, it was further shown that the defendant Postal Service had refused to follow this course and had adhered to its initial position that if *The Great Speckled Bird* was submitted for mailing it would be detained as nonmailable matter pursuant to 39 U.S.C. § 3001(a). The Court, therefore, need not, and does not, consider the constitutionality of 18 U.S.C. § 1461, as any constitutional challenge thereto can be made if and when prosecution is commenced (and there is no evidence that such prosecution will ever be commenced).

It is inherent in this Court's order, declaring 39 U.S.C. § 3001(a) unconstitutional, that the Postal Service will no longer detain parcels of mail which have been the subject of this litigation pursuant to 39 C.F.R. 953.1, et seq.[5]

5. For this reason the Court does not see the necessity of determining the constitutionality of 39 C.F.R. § 953.1, et seq.